## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JUAN E. PEREZ MASPONS**<br><br>  **Plaintiff**<br><br>     Vs.<br>**STEWART TITLE PUERTO RICO, INC; formely known as SAN JUAN ABSTRACT CO. INC.; STEWART TITLE GUARANTYCOMPANY; STEWART INFORMATION SERVICES; STEWART TITLE CORP; MARITZA BRIMEYER QUEZADA; JOHN DOE AND RICHARD** ROE<br><br>  **Defendants** | **CASE NO.**<br><br>**CIVIL ACTION**<br><br> **AGE DISCRIMINATION**<br> **AND OTHE R FEDERAL AND STATE CLAIMS** |

### COMPLAINT

**TO THE HONORABLE COURT**:

 **COMES NOW PLAINTIFF** before this Honorable Court, through their undersigned attorney and respectfully pray and alleges as follows:

### DEMAND FOR JURY TRIAL

1.  Plaintiff demands a jury trial of all issues so triable.

### NATURE OF THE ACTION

2.  This is an action for monetary damages, a declaratory judgment, permanent injunctive relief and reasonable attorneys fees and costs brought by plaintiff Juan Perez Maspons and against defendants.  Plaintiff brings this action before this Honorable Court to remedy the violation of his constitutional rights pursuant to the Fourteenth Amendment of the Constitution of the United States of America and the depravation of the rights secured to him under the **American Disabilities Act (ADA) as amended 42 USC § 1231 et seq.  Age Discrimination in Employment Act (ADEA), 29 USC §§ 621 et seq. and**

Juan Perez Maspons vs San Juan Abstract Corp et als
Complaint
Page 2

**Title VII of the Civil Rights Act of 1964 (" Title VII"),** 42 USC. § 2000e- 2(a) (1) 42 USC

**§1983, and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq...; Law**

**100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19,**

**1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"),**

seeking redress for the discriminatory actions of defendants against Plaintiff on the basis

of his disabilities and his  age which were part of the pattern of discriminatory acts against

him and led to his demotion to an inferior to the norm job position.   It is specifically

alleged in this Complaint that defendants intentionally violated these dispositions so as

to discriminate against Plaintiff due to Plaintiff Juan Perez Maspons's age and disability.

3.  With  regard to the violations of the constitutional rights it is specifically alleged

that Plaintiff, due to Plaintiff's age, and health condition, and his exercise of his

constitutional rights and his request for due process and for redress of his grievances was

in fact  subjected to what in fact constituted a discriminatory pattern since 2010 as will be

explained in the Factual Allegations of this Complaint.

4. This is an action for damages and for declaratory and injunctive relief brought

by Plaintiff Juan Perez Maspons against defendants.   Plaintiff Juan Perez Maspons

brings this action before this Honorable Court to remedy the depravation of rights secured

to him under the **American Disabilities Act (ADA) , 42 USC §§ 1231 et seq., Age**

**Discrimination in Employment Act (ADEA), 29 USC 621 et seq. and under Title VII**

**of the Civil Rights Act of 1964 (" Title VII") , 42 USC 1983, 42 USC. § 2000e- 2(a) (1)**

**et  seq, among others.** The court has jurisdiction over this action under 28 USC §1331

because the case arises under the Constitution and laws of the United States and under

28 USC §1343 (a)(4) because the plaintiff seeks relief under an act of Congress for the

protection of Civil Rights.

5. Plaintiff also requests payment of wages and benefits lost and an additional amount as liquidated damages, plus attorneys fees and costs.

6. In addition this action is brought under the provisions of the Civil Rights Act of 1871, 42 USC §2000(e) et seq.and under 29 USC §621 et seq. It is specifically alleged that defendants intentionally violated these dispositions so as to discriminate against Plaintiff, due to his age, disability and also in retaliation under 42 USC 1983, 29 USC §621 et seq and 2000(e) among others.

7. This Court's supplemental jurisdiction is also invoked to entertain Plaintiff Juan Perez Maspons's causes of action pursuant to articles 1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA 5141 and 5142 ("Articles 1802 and 1803"), for the damages caused to him by the tortous acts and omissions of the defendants which were the proximate cause of his emotional stress and mental anguish as well as the anxiety caused to him by defendants by the discriminatory actions to which the Plaintiff was subjected. Also, supplemental jurisdiction is invoked to entertain Plaintiff Juan Perez Maspons causes of action pursuant to Puerto Rico Law No. 44 of July 2, 1989 as amended; Puerto Rico Law 29 LPRA 501 et seq.( Puerto Rico Disabilities Law); Law 100 of June 30, 1959, 29 LPRA §146, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"), Law 80 (Unjust Dismissal Law ), 29 LPR 185 (a to d); Law 115 of December 20, 1991, 29 LPRA §194. Plaintiff further invokes supplemental jurisdiction of this Honorable Court to entertain his complaint as provided by 28 USC 1367, also pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico 1 LPRA §13 et seq; and Puerto

Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq...; 29 L.P.R.A., or existence of a federal question, pursuant to 28 USC § 1332 (a)(1). Furthermore Supplemental Jurisdiction of this Honorable Court is invoked to hear and adjudicate the claims arising under Puerto Rico laws pursuant to 28 USC §1367.

8.   Plaintiff Juan Perez Maspons filed an administrative complaint against defendants  before the Equal Employment Opportunity for the San Juan Region on January 21, 2014 under the Age Discrimination Act and afterward, on April 7, 2014 filed additional charges under the American Disabilities Act and under Retaliation.   In each of this cases he was granted a Right to Sue dated May 22,  2014 sent on May 23, 2014,and received on May 26, 2014.  See **Exhibit 1 of this Complaint**.  In addition Plaintiff filed several administrative complaints under ADEA, ADA, Law 100, and other Federal and State laws last April 7, 2014, before the Antidiscrimination Unit.   In each of these cases Plaintiff requested and was granted a Right to Sue as informed by the Director of this Antidiscrimination Unit last July 29, 2014 and is awaiting the official notification of the Notice of Right To Sue Authorization form the EEOC.  See Exhibit 2 of this Complaint.

9.   Plaintiff was subjected, due to his impairments and age, and his exercise of his constitutional rights and for redress of his grievances to what constituted a discriminatory pattern since 2012, and which continued until he was unjustifiedly dismissed last **October, 2013** as part of said pattern of discrimination.

10.   Previous to his unjustified dismissal defendants had changed Plaintiff's conditions of employment to an alter work situation unreasonably inferior and unduly transferred him to perform another kind of work, reducing his area of work and divesting him of most of his previous duties and benefits  which was really a demotion for her,as

part of their pattern of discrimination and retaliatory acts as will be further explained in this Complaint.

11. Plaintiff further requests his reinstatement to his former work with his previous corrections of his unduly made personnel transactions which represented and were in fact demotions; promotions; any wages and /or benefits lost; bonus performance and Christmas and an additional amount as liquidated damages plus attorneys fees and costs, as well as punitive damages.

## JURISDICTION

12. This action is brought pursuant to 42 USC1231 et seq, American Disabilities Act (ADA) 42USC§§2101 et seq, Age Discrimination in Employment Act (ADEA) 29 USC 621 et seq, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC 1983, 42 USC 2000e- 2(a) (1) et seq and the Fourteenth Amendment of the United States Constitution and 28 USC 1331 and 1343. Plaintiff further invokes supplemental jurisdiction of this Honorable Court to entertain Plaintiff as provided by 28 USC 1367 pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico, 1 LPRA §13 et seq; Law 115 of December 20th, 1991; 29 LPRA §194 and Articles 1802 and 1803 of the Puerto Rico Civil Code, and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq.; Law 44 of July 2, 1989 29 LPRA 501 et seq; Law 100 of June 30, 1959, 29 LPRA 146 as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"), Law 80, 29 LPR 185 (a to d)(Unjust Dismissal).

13  This is also an action for declaratory judgment, permanent injunctive relief,

compensatory and punitive damages, and attorneys fees and costs for which Plaintiff requests redress for the violation on the part of defendants of his constitutional rights to freedom of speech, protected by the Fourteenth Amendment of the United States Constitution and by Article II, Section 1,4, 6, 7, 8, and 16 of Article II (Bill of Rights of the Constitution of the Commonwealth of Puerto Rico. Plaintiff further alleges that defendants are liable under Article 1802 and 1803 of the Puerto Rico Civil Code (31 LPRA §5141). This action is also brought pursuant to the 28 USC 1331 and 28 USC 1367. In addition this action is brought under the provisions of the Civil Rights Act of 1871, 42 USC §§2000 (e) et seq. It is specifically alleged that defendants intentionally violated these dispositions so as to discriminate against Plaintiff due to his age and impairment and also in retaliation under 42 USC 2000 (e) et seq for having claimed his rights to his supervisors before. Said violations were done and continue to do so under color of state or territorial law.

14. Plaintiff also alleges violation of his constitutional rights due to his age, and disability and his exercise of his constitutional rights of free speech, freedom of association, and claims redress of his grievances was subjected to what in fact constitutes a discriminatory pattern and retaliation against him as will be hereinafter explained and alleged in this complaint.

15. Also, supplemental jurisdiction is invoked to entertain Plaintiff Juan Perez Maspons's causes of action pursuant to articles1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA 5141 and 5142 ("Articles 1802 and 1803"), for the damages caused to him by the tortuous acts and omissions of the defendants which were the proximate cause of his emotional stress and mental anguish as well as the anxiety caused to him

by defendants by their discriminatory actions to which the Plaintiff was subjected. Furthermore supplemental jurisdiction is invoked to entertain Plaintiff Juan Perez Maspons's causes of action pursuant to Puerto Rico Law No. 44 of July 2, 1989; Law 100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"), and Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq.. Plaintiff also invokes supplemental jurisdiction of this Honorable Court to entertain her complaint as provided by 28 USC 1367, pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico 1 LPRA §13 et seq; Law 100 of June 30, 1959, 29 LPRA §146; Law 115 of December 20, 1991, 29 LPRA §194.

16.  The District Court of Puerto Rico is the proper venue to bring this action, because the acts and circumstances giving rise to this case occurred within said Federal Judicial District.

## PARTIES

17.  Plaintiff is an adult and at all times relevant to this complaint is and has been both an American Citizen and resident of the Commonwealth of Puerto Rico.

18.  **Plaintiff Juan E. Perez Maspons**, hereinafter referred to as Perez Maspons, at all times relevant to this Complaint was, since 1969, and until October 15, 2013, an employee of San Juan Abstract, Corp., now known as Stewart Title of Puerto Rico, Inc., which was a subsidiary of Stewart Information Services; and Stewart Title Guaranty Company.  That said company at all times relevant to this case has been and is a subsidiary of Stewart Title Corp., as well as of Stewart Title Guaranty Corp. and of the parent company Stewart Information Services Corp..

Juan Perez Maspons vs San Juan Abstract Corp et als
Complaint
Page 8

19. **Co defendant Stewart Title Puerto Rico, Inc**., formerly known as San Juan Abstract Company, are corporations organized under the laws of the Commonwealth of Puerto Rico. At the moment of the facts  of this case they employed more than 25 employees.  At the same time they are subsidiaries of Stewart Title , Stewart Title Guaranty Company and Stewart Information Services Corp.  All of this defendants together through their employees have continued doing the work that had previously been done by Stewart Title Puerto, Inc formerly known as San Juan Abstract Company. Stewart Title Guaranty Company.  Stewart Title Guaranty Company at all times has been and is a subsidiary of Stewart Information Services Corporation.  The **defendant Maritza Quesada works for the corporations which are codefendants in this case as executive and/ or supervisor and /or in a managerial position acting as agent of the other defendants in this case,** and is responsible for her intentional acts and / or omissions against Plaintiff for she at all times relevant to the facts of this case acted as their agent of  as stated above, and as such retaliated against Plaintiff, violated his constitutional rights, and discriminated against him due to his age, and impairment and tortuously interfered with Plaintiff's work, among others, which caused Plaintiff serious damages. **Stewart Title Puerto Rico, Inc., formerly known as San Juan Abstract, Company Inc.,  Stewart Title Corp.,  Stewart Title  Guaranty Company and their parent company Stewart Information Services Corp** are a "person" within the meaning of 29 U.S.C. 630 (a) and 42 U.S.C.2000e(a) and are an employer within the meaning of 29 U.S.C. 630 (b) and 42 U.S.C.2000e(b). In addition  San Juan Abstract, Company.and/or Stewart Title Puerto Rico, Inc., as well as the other corporations  are engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. 630 (h) and 42 U.S.C. 2000e.

20. **Co defendant Stewart Information Services Corp**. is a corporation that was incorporated under the laws of Delaware on March 25, 1970.  It provides title insurance and real estate services, and operates in two segments, Title Insurance Related Services and Real Estate Information.  **Its address is as follows: 1980 Post Oak Boulevard, Suite 800, Houston, Texas 77056.   Among its principal officers are the following: Edward Douglas Hodo, Chairman and Stewart Morris, Vice Chairman & President. It has 5, 600 employees.**

21.  **Among Stewart Information Services subsidiaries are the following corporations, also codefendants in this case: Stewart Title of Puerto Rico, Inc.; formerly known as San Juan Abstract Company, Stewart Title Guaranty Company; and Stewart Title Company.**

22.  **Co defendant San Juan Abstract Company Inc., which became  Stewart Title of Puerto Rico, Inc.** since December 18, 2013, is a corporation organized and incorporated under the laws of Puerto Rico.  Its physical current address is as follows: MCS PLAZA Suite 12079, 255 Ponce De León Avenue, Hato Rey, San Juan, Puerto Rico 00917 and its postal address is the same. CT Corporation System is its Resident Agent and its physical address is 361 San Francisco St., 4th Floor, San Juan, Puerto Rico 00901 and its Postal Address is PO Box 9022946, San Juan, Puerto Rico 00902.

23. **Co defendant Stewart Title Company is a wholly owned subsidiary of Stewart Information Services Corp. (NYSE-STC),** a customer driven, technology-enabled, strategically competitive, real estate information, title insurance and transaction management company.  Stewart provides title insurance and related information services required for settlement by the real estate and mortgage industries throughout the United States and international markets, which includes Puerto Rico.   Stewart also provides

post-closing lender services, automatic county clerk land records, property ownership mapping, geographic information systems, property information reports, flood certificates, document preparation, background checks and expertise in tax-deferred exchanges. **This corporation supervises the operations of San Juan Abstract Company, now known as Stewart Title Puerto Rico, Inc., together with Stewart Title Guaranty Company which is also a subsidiary of Stewart Information Services, Corporation, also co defendant in this case.**

24. **Co defendant Stewart Title Guaranty Company is also a subsidiary of Stewart Information Services Corporation as stated above and Stewart Title Puerto Rico, Inc responds also to this corporation.** Its President is Mr. Steve Lessack and **its Vice-President of Human Resources is Sacha Mitrakos.** This codefendants physical address is as follows: Royal Bank Plaza, North Tower, 200 Bay Street, Suite 2600, Toronto, Ontario, M5J 2J2. **Sacha Mitrakos is also a member of the Board of Directors of Stewart Title Puerto Rico, Inc.**

25. **Co defendant Maritza Brimeyer Quezada known as Maritza Quezada** at the time of the facts of this case and at present is Vice President and General Manager of Stewart Title Puerto Rico Inc., formerly San Juan Abstract Company. She is also Managing Partner at M2M LLC. She worked for Stewart Title from 2005 to October 2007, when she was transferred and promoted to San Juan Abstract as Operations Manager. Soon thereafter she was promoted to the position of Vice President and General Manager of Stewart Title Puerto Rico San Juan Abstract. Her present address is 255 Ponce de León Ave. Suite 1207, MCS Plaza, Hato Rey, Puerto Rico 00917. Quezada is an adult resident of the Commonwealth of Puerto Rico and was the decision maker who possessed final authority to establish an operative policy at Stewart Title Puerto Rico Inc.,

formerly known as San Juan Abstract Company, following instructions from Stewart Information Services Corp with respect to some of the discriminatory actions against Plaintiff, and also was responsible for the implementation of defendants corporations employment policies, including hiring, promotion and reclassification, firing, and all matters related to employer - employee relations as well as other policies relating to compliance with other federal and state laws applicable to its employees. Also among these duties was to administer said corporations, establish and implement compensation, classification plans, evaluation standards and systems as to San Juan Abstract and / or Stewart Title  employees. As will be explained further in this complaint, she is also personally and directly responsible for some of the acts and/or omissions constituting discrimination and retaliation, violation of constitutional rights, and persecution which are part of this complaint and conspired with other co defendants to intentionally deprive Plaintiff of his rights as will be further explained in this Complaint.

26.  Defendant  Maritza Quezada at the time of the facts of this case was Plaintiff's supervisor and as such was personally and directly responsible for some of the acts and/or omissions constituting discrimination, retaliation, violation of constitutional rights, and persecution which are part of this complaint.    She was also named Vice President of the Corporations as will be hereinafter explained.

27.  Quezada, co defendant in this case, is  officially and personally responsible for the damages caused to plaintiff  claimed in this Complaint due to Plaintiff Juan E. Perez Maspons's age and impairment a fact known by defendants at the time of this action herein described creating to Plaintiff and maintaining towards him for said reasons, among others, a hostile environment at work and finally unjustifiedly dismissing him.

28   Defendants John Doe and/or Richard Roe, are any and all persons which

were also directly and or  indirectly  responsible to  Plaintiff for the causes of  actions which are part of this  complaint, due to their negligent and/or intentional acts and/or omissions,  whose  participation in the  facts of this case has not been fully determined at the moment of   filing the present complaint.   Their names will be notified to this Honorable Court as soon as they are known.

29.  All the individual defendants are officially and personally responsible for the damages caused to plaintiff  claimed in this Complaint due to Plaintiff's age, a fact known by defendants at the time of this action herein described creating to Plaintiff and maintaining towards her for said reasons, among others, a hostile environment at work.

30.  All of said defendants are responsible to Plaintiff jointly and/or individually for the causes of actions of this Complaint.

## FACTUAL ALLEGATIONS

31.  As will be further explained hereinafter Plaintiff Juan Perez Maspons was in the protected age group, had been performing, perfectly the duties of his position suffered adverse employment actions due to his age, impairment and/or disability and the positions for which he qualified as well as the duties of the position occupied by him were given to  younger persons, and who were less qualified than Plaintiff for the position and with less seniority than what he had.   Furthermore at the moment of the facts of this Complaint Plaintiff was completly capable of continuing performing his work.

32. Plaintiff Juan Perez Maspons filed a complaint before the Equal Employment Opportunity Commission Office on January 21, 2014, for Age Discrimination (ADEA) before the Equal Economic Opportunity Commission against defendants and later amended the same to add another charge for discrimination under the American Disability Act (ADA)on April 7, 2014.   Then on April11, 2014 he amended his

administrative complaint  under ADA to include Maritza Brimeyer Quezada as one of the parties against which he was filing his complaint.

33.  In these charges Plaintiff alleged a pattern of discrimination against him due to his age and physical impairment and/or disability, due to the continuous acts of discrimination against him by Plaintiff.  He also alleged retaliation against him due to the fact that previous to filing these charges before the EEOC he had filed an administrative complaint with the defendants for age discrimination on August 17, 2012.

34.  With regard to said complaint, the Human Resources Director, Ms. Sacha Mitrakos advised him on September 6, 2012 that an investigation would be performed. Then on December 6, 2012 Plaintiff received a letter signed by Maritza Brimeyer Quezada advising him that they had concluded that his allegations of age discrimination were meritless and therefore they were closing the investigation of his allegations and his administrative complaint to this effect.

35.  It should be noted that even before Plaintiff had filed this administrative complaint defendants had been taking discriminatory actions against him.  These actions started in fact since 2009.  Before that defendants started dismissing other senior employees including  Plaintiff's secretary Ruth Carreras.  Defendants never recruited a new secretary for him after that.

36. Then on June 2009, Plaintiff was advised by the new President of San Juan Abstract that his duties and obligation with the corporation would end on December 31,2009, and on that on that date he was to start his retirement.  To this Plaintiff replied that if that was what he desired he would have to provide Plaintiff an economical proposal to that effect for up to that date the company had not provided him a retirement plan.

37.  During the second semester of 2009 once again he was asked by the person

who later substituted him in his position, when was he planning to retire.

38. Then starting on December 31, 2009, the then President of Stewart Title Puerto Rico, Inc formerly known as San Juan Abstract Company  started a campaign of discriminatory actions  to try to force him to retire by first assigning him to collect some debts belonging  to Hato Rey Title Insurance, a company for which Plaintiff did not even work and was not an employee of the same, and which represented a demotion for Plaintiff to a clerical position.

39.  From there on defendants created a hostile work environment for Plaintiff which included limiting his access to the needed resources to perform his daily work and creating unjustified memos to his file due to work assigned to him that were not part of his duties.  Also they failed to assign him cases to evaluate for underwriting so as to later claim that he had low productivity in his work and to create other unjustified memos about his work performance.

40.  At a meeting held with Mr. Steve Lessack on July 13, 2012 effective on said date they had ended the payment of commission to all managerial employees and that from thereon all managerial employees would be paid the same salary, regardless of their seniority in the company.  Thus on that day Plaintiff was divested from his former seniority in the company and from part of the benefits of his position.

41.  Mr. Lessack tried to justify his actions by telling Plaintiff that by he would benefit from this change more than other managerial employees for he would receive a raise is his base salary.   However Plaintiff advised him that commissions had always been part of his salary.   Therefore Plaintiff requested Lessack to prepare a written contract of Novation of his former employment contract including the verbal

representation made to him so he could review the terms offered to him.  This contract was presented to him on August 2, 2012 and after reviewing it Plaintiff decided no to sign it because the contents of the contract pretended to validate all previous discriminatory action of defendants.

42. However even though Plaintiff never signed this new contract defendants proceeded to implant its items reducing Plaintiff's benefit which represented a reduction in his salary. His commission had consisted of the amount of 2% of the amount of the sales, which was reduced by defendants to 1.75% and then completely eliminated on August, 2012.

43.  It should be noted that it was on that same month that Plaintiff filed his administrative complaint through Mrs. Sacha Mitrakos - Sthutlez, Vicepresident of Human Resources of Stewart Title Guaranty Company claimining that the corporate policy that was being conducted against him was due to the fact that they were discriminating against him due to his age.  There was an investigation conducted of Plaintiff's claim and as part of the same Plaintiff Perez Maspons was interviewed and his statement as to the facts of the same was taken.

44.  I spite of the information provided by Plaintiff to the investigator the results of the investigation as referred  above were that on December 6, 2012 Plaintiff was notified that defendants were closing the case because his allegations had no merits.

45.  However since then the pattern of discrimination due to his age against him increased even more by limiting his interaction with clients and limiting his capacity to perform his work by not transferring to him the calls from his clients, by not assigning him cases for risk analysis which he used to handle before, by not letting him attend closings

of cases as before to assure that the particular need of said cases were resolved, and by not assigning him investigation at the Registry of the Property when there were doubts as to the title search performed by investigators as it had been done in the past, among others.

46.  This pattern of discrimination against him continued from 2012 throughout 2013 until Plaintiff was unjustly dismissed on October 15, 2013.  Obviously these pattern after December, 2012 was also in retaliation for the age discrimination claim he had internally presented at the corporation.

47.  Codefendant Stewart Title Puerto Rico, Inc., formerly known as San Juan Abstract Company had represented to Plaintiff that they would  obtain and renew his title insurance license on or before its expiration date, that is **June 30, 2013,** with the Insurance Commissioner, **which they never did.**  Due to this fact Plaintiff's license expired due to the intentional acts and/or omissions of defendants.  They never notified Plaintiff that they had not reviewed his license.  This was a fact which he found out after he was unjustifiedly dismissed afterwards.

48.  All the work that Plaintiff used to perform continued to be performed by defendants employees who are younger than he is and have less seniority and experience.

49.  In fact Plaintiff used to be Vice President of San Juan Abstract (now Stewart Title Puerto Rico, Inc.) and last March 24, 2014, just five (5) months after Plaintiff was unjustly dismissed, codefendant Maritza Quezada was in fact named to said position and in charge of day to day operations and of the development of the business of the corporations. She is the same person who discriminated against Plaintiff due to his age

(ADEA) and in violation of ADA with the only purpose of taking hold of his position. Quezada is younger than Plaintiff and had in fact less experience and seniority than him to perform the duties of said position.

50. And the work of risk analysis or "underwriting " at the moment of issuing a title policy which he used to perform has continued to be performed by personnel with less seniority and experience  and younger than him.

51. This Honorable Court should also lake notice that Plaintiff has as Juris Doctor from the University of Habana, Cuba and the Supreme Court had allowed him to take the bar exam in Puerto Rico thus validating his legal education.  Thus in fact he is much more prepared to direct operations in Puerto Rico than Quezada, but being that he was older that she is he was denied said opportunity and discriminated by all defendants due to his age and disability.

52. Of all the members of the management whose salaries  were reduced on August 2012.  Plaintiff was the more affected for the salary assigned to him was much lower than that of the rest even though he had more seniority than the rest.

53. In addition to the above Plaintiff had to be hospitalized due to a renal condition at the Pavia Hospital form September 11 to September 19, 2013, a fact known by defendants.  When he was discharged from the hospital the doctor ordered him to rest at his home for three weeks.  This was also notified to defendants thorough Maritza Quezada in a letter dated September 25, 2013 by Dr. Fernando L. Lapatina, MD, FACC.

54. To his surprise on  the same date that Plaintiff returned to work in the morning, Plaintiff was notified that he had been dismissed and presented him with a document called Agreement which they tried to force him to sign.  According to the contents of the

document they wanted to force him to resign to all the rights that he had acquired during all the years of work that he had dedicated to the corporation helping to organize it and to grow as the years elapsed.

55.  This was a clear violation of ADA for he was and is mentally and physically qualified and capable of continuing to perform his work for there is nothing that impedes him to do so.

56.  Finally and once again, all the corporations which are defendants in this case are interrelated and part of a corporate emporium which ultimately is controlled by Stewart Information Services Corp.  All the work that San Juan Abstract used to perform since it was organized continues to be perform by it and by the rest of the corporations to which it responds as a subsidiary.  In fact Stewart Title, owns 100% of its shares. There was no reduction of the earnings of the company that could in any way justify Plaintiff's dismissal  which in fact was only due to his age and health condition.

57.  Defendants exhibited a pattern of discriminatory acts against Plaintiff because of his age and disability.  They tried to force him to resign and when he did not do so then they proceeded to unjustifiedly dismiss him pretending that there were economical reasons  that forced them to do so eliminating his position which was not true.

58.  Before October 15, 2013 there was no indication that the company had any kind of economical reorganization and ever after Plaintiff was dismissed defendants incurred  in multiple expenses including celebrating expensive parties and payment of trips to executives which clearly evidences that there was in fact no need for economical reorganization.  In fact they did not undergo an economical reorganization, they used that excuse to try to justify the dismissal of older employees with more seniority and experience than the ones that remained.  But to this date defendant have continued

Juan Perez Maspons vs San Juan Abstract Corp et als
Complaint
Page 19

performing the same work that they performed when Plaintiff worked for them.

59.  Furthermore a few months before, specifically at the end of March 2013, all the employees had received monetary bonus of different quantities for each one due to the gains (earnings ) received in 2012, and the successful year which the company had in 2012.

60.  As a result of his dismissal Plaintiff lost his yearly earnings and benefits at an age that will make it very difficult to obtain a similar job.

61.  Plaintiff was left without a medical health plan and without the marginal benefits which he had.

62.  All the pattern of discrimination harassment, persecution and retaliantion described in this complaint has caused and continues to cause Plaintiff great economical damages as well as emotional and moral damages at this stage in his life.

63.  All the facts described above clearly demostrate the pattern of discrimination, retaliation, persecution, violation of Plaintiff's constitutional rights, infliction of damages, as well as violation of other federal and state laws.

64.  The work environment deteriorated greatly as well as the reputation of the company due to the lack of direct contact with the clients prompt service, knowledgeable personnel , among others.

65.  Among the important events that occurred were the fact that attorney Pablo Dardet was removed as President of the company on the middle of November, 2012 and afterwards on December 2012  attorney Jorge Ocasio, ex Registrar of the Property  also resigned.  Then on April 2013, Mr. Nicolás Dardet resigned to his position as Vice-president of the company.  All of them were principal officers of the local company up to that moment.

Juan Perez Maspons vs San Juan Abstract Corp et als
Complaint
Page 20

66.  For the reasons explained the above Plaintiff felt that he had been marginated in addition to having been demoted.  He started to realize that he was being harassed, marginated and that he had been demoted to an inferior to the norm work environment and began to be afraid that defendants  would continue   their actions so as to try to force him to resign after having worked for so many years in said company.  Afterwards, as we have seen above, this turned out to be true for he was unjustly dismissed after they tried to force him to resign and he didn't do so.

67.  The facts described above clearly demonstrate the pattern of discrimination, retaliation, persecution, violation of Plaintiff's constitutional rights, infliction of damages, as well as violation of other federal and state laws by defendants against Plaintiff which have caused and still continue to cause Plaintiff serious economical as well as psychological and/or moral damages.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION UNDER ADEA

68.  Plaintiff restates and re alleges each and every preceding allegation as if fully stated herein.

69.  Defendants conduct, acts and/or omissions in this case against Plaintiff constitutes willful discrimination on the basis of age in violation of the ADEA.

70.  As a result of defendants discriminatory practices, Plaintiff has lost income and benefits for which defendants are liable, and also Plaintiff has suffered emotional damages for which defendants are also liable and/or responsible.

71.  Plaintiff is entitled to be reinstated to his former position which he is fully capable of performing and has the experience and professional capacity to do so.

72. Defendants have been temerary in their action and thus this Honorable Court

should impose them the payment of attorneys fees and costs.

## SECOND CAUSE OF ACTION:
## WILLFUL DISCRIMINATION UNDER ADEA

73.. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

74. Co defendant Maritza Quezada's discriminatory conduct as well as that of the rest of the defendants in this case constitutes a willful violation of the ADEA and,as a result thereof, defendant is liable to Plaintiff for liquidated damages, attorneys fees and costs.

## THIRD CAUSE OF ACTION:
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

75. Plaintiff repeats and realleges each and every preceding allegation as is fully stated herein.

76. Defendant's conduct against Plaintiff in this case constituted retaliation under Title VII, which makes unlawful for an employer to discriminate against an employee that opposes unlawful practices.

77  But for defendant's motive to retaliate against Plaintiff, he would not have been unduly transferred and demoted and finally, unjustifiedly dismissed therefore, depriving of him of the benefits of his employment.

78. Defendant's retaliatory motive against Plaintiff was willful.

79  Plaintiff has suffered severe emotional and economical, damages, as well as past and future loss of wages and employment benefits as a direct consequence of defendant's retaliation against him.

## FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER ADA
### AND STATE LAWS

80. Plaintiff realleges and repeats each and even preceding allegation as if fully stated herein.

81.  At all times relevant to this complaint Plaintiff was a qualified individual with a disability as that term is defined in section 101 (8) of ADA 42 U.S. 12111(8) because he was qualified to do his job.

82.  At all times relevant to this complaint Plaintiff has been an individual with a disability within the meaning of section 3 of ADA , 42 USC § 12102 and State laws..  He had a physical impairment that substantially limited one or more of his major life activities, had a record of such impairment and was regarded by defendants as having it.

83.  Defendants intentionally discriminated against him because of his disability in violation of ADA and State laws by treating him differently due to his disability and dismissing him due to the same .

84.  There actions were reckless and intentional and therefore Plaintiff is entitled to received punitive and compensatory damages as well as payment of attorney's fees and costs.

## FIFTH CAUSE OF ACTION:
## THE CIVIL RIGHTS ACT OF 1991

85. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

86. Defendant's  discriminatory and retaliatory practices against Plaintiff as well as that of the rest of the defendants in this case were malicious and/or carried with reckless indifference and/or intentional. Thus, Plaintiff is entitled to receive punitive and

compensatory damages as well as attorneys fees and costs.

### FIFTH CAUSE OF ACTION:
### AGE DISCRIMINATION UNDER P.R. LAW 100 AND OTHER LABOR STATE LAWS, THE CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO AS WELL AS OTHER STATE LAWS REGARDING DAMAGES

87.  Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

88.    Stewart Title Puerto Rico, Inc., formerly known as San Juan Abstract Company, conduct as well as that of the rest of the defendants in this case constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as and as a result thereof defendants are is liable to Plaintiff for emotional damages, back pay and double damages. Plaintiff is also entitled to be reinstated to his former position. Furthermore Plaintiff is entitled to payment of damages  caused to him under the Puerto Rico Civil laws including  its Civil Code but not limited to it due to their negligent acts and/or omissions and for the violation of dispositions of the Constitution of the Commonwealth of Puerto Rico and is entitled to remedies provided by state labor laws.

### SIXTH CAUSE OF ACTION:
### RETALIATION UNDER PUERTO RICO LAW
### NO. 115 OF DECEMBER 20,1991

89.  Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

90.  Defendant's acts in this case constitutes retaliation in violation of Law No. 115 of December 20, 1991, and as a result thereof they are liable to Plaintiff for double damages.  They are also responsible for damages under the Puerto Rico Civil Code, as well as attorneys fees and costs..

Juan Perez Maspons vs San Juan Abstract Corp et als
Complaint
Page 24

## THEORIES OF RELIEF

For the reasons explained above Plaintiff hereby requests from this Honorable court that judgment be entered in her favor and against all codefendants in this case, including but not limited to the following relief:

a. An order directing Defendants's to reinstate Plaintiff to his former position and to cease and desist of any further discriminatory and retaliatory conduct on the basis of age, and retaliation against his.

b. Back pay, together with interest.

c. Lost benefits, both past and future.

d. An award of liquidated damages equal to twice the back pay lost by Plaintiff.

e.  An award of compensatory damages for the emotional suffering and distress resulting from defendant's discriminatory conduct in an amount not less than $2,500,000.00.

f.  Punitive damages for the amount of $1,000,000.00.

g. An award of double damages pursuant to Puerto Rico Laws 100, 69 and 115.

 h. An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements.

 i.. Any other remedy that this Court may deem just and proper.

j'. All the acts of defendants of adverse employment actions toward Plaintiff Perez Maspons in fact have been merely a pretext for the real and motivating factor was in fact the intentional discrimination against said Plaintiff.

k.. In addition to everything requested above Plaintiff respectfully requests from

this Honorable Court the payment of costs of this action, interests accrued, reasonable attorneys fees, as well any other remedy pursuant to state or federal law which is available to him even if it is not specifically requested in this complaint.

l. Defendants have been temerary and their actions have left Plaintiff no other alternative but to file this complaint and therefore should be responsible for the costs and expenses incurred by the Plaintiff in these proceedings.

m. Plaintiff also requests this Honorable Court the payment by defendants of back pays for amounts Plaintiff Perez Maspons would have earned had he continued working and been promoted, payment of wages, benefits lost and additional amounts as liquidated damages as provided by Federal and/or state laws..

n.  Any other relief which this Honorable Court deems just and proper even if not specifically asked in this complaint and/or pursuant to any other statute or law not specifically quoted herein.  This includes punitive damages if they are deemed proper and just and damages for violation of constitutional rights, and other state laws applicable to this case.

93.  Plaintiff reserve his  right to further amend this Complaint if deemed necessary to further supplement the allegations or request additional remedies. In addition Plaintiff reserve his rights to further amend this Complaint should it be needed according to the information obtained during the discovery proceedings.

**WHEREFORE** it is respectfully requested from this Honorable Court that this Complaint be granted in all its parts and the damages, penalties and punitive damages

Juan Perez Maspons vs San Juan Abstract Corp et als
Complaint
Page 26

requested in it by Plaintiff be granted to him and in addition that costs, reasonable

attorneys fees and interests accrued be also awarded to him, ordering all or some of

defendants to pay said amount of money to them, jury trial is granted and that all

defendants be ordered to pay Plaintiff all the amounts hereby requested in this complaint

as well as any other amount deemed just and proper pursuant to any federal or state law

even if it was not specifically alleged in this complaint.   In addition it is respectfully

requested that defendants are ordered to pay Plaintiff any damages pursuant to state and

federal laws as well as any other remedy provided by said statutes although it has not

been hereby specifically alleges.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 20 day of August, 2014.

<u>**S/Rosa M. Nogueras de Gonzalez**</u>
**ROSA M. NOGUERAS DE GONZALEZ (113707)**
 **NOGUERAS DE GONZALEZ LAW OFFICE**
**Attorney for Plaintiffs**
P.O. Box 361503
San Juan, PR 00936-1503
Tel. (787) 766-1658 / Fax. (787) 764-0170
 noguerasrm@onelinkpr.net
 noguerasrosa@microjuris.com